1   McCARTHY, JOHNSON & MILLER
        Law Corporation
2   DIANE SIDD-CHAMPION, ESQ., #78140
    595 Market Street, Suite 2200
3   San Francisco, CA  94105
    Telephone:  (415) 882-2992
4   Facsimile:   (415) 882-2999
    E-mail:  dsidd-champion@mjmlaw.us
5

6   Attorneys for Plaintiffs

7

8
                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10
                       SAN FRANCISCO DIVISION
11

12

| | |
|---|---|
| BOARD OF TRUSTEES OF THE PLASTERING INDUSTRY WELFARE TRUST FUND; BOARD OF TRUSTEES OF THE NORTHERN CALIFORNIA PLASTERING INDUSTRY PENSION TRUST FUND; BOARD OF TRUSTEES OF THE OPERATIVE PLASTERERS LOCAL UNION NO. 66 SUPPLEMENTAL RETIREMENT BENEFIT FUND; BOARD OF TRUSTEES OF THE OPERATIVE PLASTERERS LOCAL UNION NO. 66 JOURNEYMAN AND APPRENTICE TRAINING TRUST FUND; and BOARD OF TRUSTEES OF THE PLASTERING INDUSTRY LABOR-MANAGEMENT COOPERATION COMMITTEE TRUST FUND,<br><br>            Plaintiffs,<br><br>     v.<br><br>JAMES ISLAND PLASTERING, INC.,<br><br>            Defendant. | Case No. C 06-3869 MHP<br><br>**SETTLEMENT AGREEMENT AND STIPULATION FOR CONDITIONAL DISMISSAL AND ENTRY OF JUDGMENT UPON DEFAULT**<br><br>**[AND ~~PROPOSED~~ ORDER THEREON]** |

25      COME NOW the plaintiffs Board of Trustees of the Plastering Industry Welfare Trust Fund;

26  Board of Trustees of the Northern California Plastering Industry Pension Trust Fund; Board of

27  Trustees of the Operative Plasterers Local Union No. 66 Supplemental Retirement Benefit Fund;

28  Board of Trustees of the Operative Plasterers Local Union No. 66 Journeyman and Apprentice

Training Trust Fund; and Board of Trustees of the Plastering Industry Labor-Management Cooperation Committee Trust Fund ("Trust Funds") and defendant James Island Plastering, Inc. ("Employer") and hereby enter into this Settlement Agreement and Stipulation for Conditional Dismissal and Entry of Judgment upon Default ("Agreement"), stipulating and agreeing as follows:

1. The Trust Funds have alleged that Employer failed to make fringe benefit contributions on a timely basis on account of work performed by Employer's employees during the period from October 7, 2004 through May 31, 2006.

2. The Trust Funds caused an audit to be conducted of the books and records of the Employer for the period from October 7, 2004 through May 31, 2006 ("Audit").

3. The Trust Funds and the Employer desire to settle this matter and have agreed upon a basis for the adjustment of the matters alleged in the Audit and the Complaint and the entry of a judgment in this action pursuant to the terms of this Agreement.

4. The Trust Funds specifically reserve their right to audit the Employer for the period from June 1, 2006 to date of audit and to collect any additional monies found due in such an audit. The Employer agrees that this Agreement will not act as a bar to the Trust Funds conducting an audit or collecting additional monies found due in such an audit.

5. The Employer agrees to pay the Trust Funds one hundred sixty thousand two hundred sixteen dollars ($160,216.00) plus interest at the rate of ten percent (10%) per annum from April 1, 2007 until paid, to be paid as follows:

   (a) The Employer shall make three (3) payments of eight thousand dollars ($8,000.00) plus interest at the rate of ten percent (10%) per annum on or before May 1, 2007, June 1, 2007 and July 1, 2007, respectively;

   (b) The Employer shall make three (3) payments of twelve thousand dollars ($12,000.00) plus interest at the rate of ten percent (10%) per annum on or before August 1, 2007, September 1, 2007 and October 1, 2007, respectively;

   (c) The Employer shall make three (3) payments of fifteen thousand dollars ($15,000.00) plus interest at the rate of ten percent (10%) per annum on or before November 1, 2007, December 1, 2007 and January 1, 2008, respectively;

(d) The Employer shall make two (2) payments of seventeen thousand dollars ($17,000.00) plus interest at the rate of ten percent (10%) per annum on or before February 1, 2008 and March 1, 2008, respectively;

(e) The Employer shall make one (1) payment of twenty-one thousand two hundred sixteen dollars ($21,216.00) plus interest at the rate of ten percent (10%) per annum on or before April 1, 2008;

(f) If all payments are made in a timely fashion, the payments of principal will be as follows:

| Due Date | Principal Due | Principal Balance |
|---|---|---|
|  |  | $160,216.00 |
| 5/1/07 | $8,000.00 | 152,216.00 |
| 6/1/07 | 8,000.00 | 144,216.00 |
| 7/1/07 | 8,000.00 | 136,216.00 |
| 8/1/07 | 12,000.00 | 124,216.00 |
| 9/1/07 | 12,000.00 | 112,216.00 |
| 10/1/07 | 12,000.00 | 100,216.00 |
| 11/1/07 | 15,000.00 | 85,216.00 |
| 12/1/07 | 15,000.00 | 70,216.00 |
| 1/1/08 | 15,000.00 | 55,216.00 |
| 2/1/08 | 17,000.00 | 38,216.00 |
| 3/1/08 | 17,000.00 | 21,216.00 |
| 4/1/08 | 21,216.00 | 0.00 |

(g) The unpaid balance shall accrue interest at the rate of 10% per annum from April 1, 2007 until paid. To the first payment of principal, the Employer shall add interest at the rate of 10% per annum on $160,216.00 calculated from April 1, 2007 until the first payment is received. To each subsequent payment of principal, the Employer shall add interest at the rate of 10% per annum on the declining balance, calculated from the date of the last payment to the date of receipt of the next payment. By March 15, 2008, the Trust Funds shall advise the Employer of the amount due on

April 1, 2008 for the last payment, based on the dates of actual receipt of the Employer's payments and the interest calculated to the dates of actual receipt.

(h)     Each payment shall be credited first to interest and then to principal. Interest shall continue to accumulate at the rate of ten percent (10%) per annum on the unpaid balance. There shall be no prepayment penalty if the Employer chooses to prepay principal, in part or in full, at any time. Prepayment by the Employer shall not result in the acceleration of the due date on any interest.

(i)     All of the foregoing payments shall be made payable to "McCarthy, Johnson & Miller Trustee Account," and sent to the following address:

> Diane Sidd-Champion, Esq.
> McCarthy, Johnson & Miller Law Corporation
> 595 Market Street, Suite 2200
> San Francisco, CA  94105

6.     The parties request that this action be conditionally dismissed.

7.     The Employer agrees to remain current in its future obligations to submit timely fringe benefit contributions to the Trust Funds for the work months from March 2007 through March 2008. If the Employer fails to submit a report form or to pay any monthly fringe benefit contributions to the Trust Funds for the work months from March 2007 through March 2008 by the fifteenth (15th) day of the month following the work month, it is agreed that the Employer shall be deemed in default of this Agreement.

8.     If the Employer fails to pay any installment due under this Agreement by the due date set forth in this Agreement, it is agreed that the Employer shall be deemed in default of this Agreement.

9.     In the event of a default under the terms of Paragraph 7 or Paragraph 8 of this Agreement, it is agreed that the Trust Funds may, without notice, move the Court to revoke the conditional dismissal and enter Judgment in favor of the Trust Funds and against the Employer. The parties agree that if Judgment is entered, Judgment shall be in the amount of one hundred seventy thousand dollars ($170,000.00) plus interest at the rate of ten percent (10%) per annum from April 1, 2007 until paid, less the principal credited from any payments already received; that the Judgment will immediately fall due; and that the Trust Funds will be enabled to execute immediately on the

1  Judgment for said sum.  Otherwise, this action shall be dismissed with prejudice upon the completion

2  of all payments due under Paragraph 5 above.

3        10.    Each party is to bear its respective attorneys' fees and costs incurred in this action.

4  However, should the Trust Funds be required to enter or execute on the Judgment pursuant to the

5  terms of this Agreement, the Trust Funds shall recover all attorneys' fees and costs incurred by them

6  on and after March 1, 2007 in this action.

7        11.    This Agreement may be executed in multiple counterparts, each of which shall

8  constitute an original, and all of which taken together shall constitute one and the same agreement.

**JAMES ISLAND PLASTERING, INC.**
Defendant

Dated: April 10, 2007      By: /s/ Irvin James
                                         IRVIN JAMES
                                         President

**BOARD OF TRUSTEES OF THE PLASTERING INDUSTRY WELFARE TRUST FUND, et al.**
Plaintiffs

Dated: April 13, 2007      By: /s/ Chet Murphy
                                         Chair

Dated: April 19, 2007      By: /s/ James Ruane
                                         Co-Chair

**APPROVED AS TO FORM:**

**LAW OFFICES OF MICHAEL L. MAU**

Dated: April 11, 2007      By: /s/ Michael L. Mau
                                         MICHAEL L. MAU
                                         Attorneys for Defendant

**McCARTHY, JOHNSON & MILLER**
**Law Corporation**

Dated: April 20, 2007      By: /s/ Diane Sidd-Champion
                                         DIANE SIDD-CHAMPION
                                         Attorneys for Plaintiffs

April 24, 2007

*IT IS SO ORDERED*
*Judge Marilyn H. Patel*
*UNITED STATES DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

1  **IT IS SO ORDERED.**

2

3  Dated: _____, 2007   By: _____
                                                                              MARILYN HALL PATEL

4                                                                                UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28